JOHN TOOMY *vs.* JANE L. DALE and HARRY P. DALE, Administrators of Peter W. Dale, Deceased.

Sussex County, October Term, 1894.

**Justice of the Peace. Certiorari.**—The record must show that the Justice heard the proofs and allegations, although both parties appeared.

.This was a *certiorari* to a judgment rendered by T. Wells, a Justice of the Peace, in an action on book account. The record of the Justice showed that " the defendants appeared and are heard " and judgment rendered against the defendant and in favor of the plaintiff.

*Boyce*, for plaintiff, filed exceptions to the record of the Justice, among which were the following, which were relied upon :

" 3. That it does not appear by the record that either of the plaintiffs was present on the day of the hearing by the Justice which was error, as judgment should not be rendered against the defendant without the allegations and proofs of the parties plaintiff."

" 4. That the record does not show that the the proofs and allegations of the defendant were heard by the Justice, and it was error to enter judgment against defendant without his proofs and allegations.

MARVEL, J., delivered the opinion of the court.

In this case the plaintiff rests upon one exception, viz., that the Justice failed to set out upon the record that a full hearing was had before him, and that the proofs and allegations were heard. Upon that the decision of the Justice was rendered.

If this was an original question before this court I don't know that I am prepared to say just what my opinion, speaking for myself, would be, but it has been the universal practice in this county to require the Justice to set forth upon his record that there was a full hearing of the proofs and allegations of the parties, and

that upon the same the Justice rendered his decision. We find in the case of *Hoffecker vs. Eaton*, 2 Houst. 157, that there were two exceptions, the first being that the record did not show there was a hearing, and second, that the Justice rendered his decision without hearing the allegations and proofs of either party. The report does not show upon which of these exceptions the court based its decision. But Judge Houston says in his summary of the decision: "To sustain a judgment rendered by a Justice of the Peace it must appear from the record that the Justice heard the case, and that the judgment was rendered on its hearing; also that he heard the allegations and proofs of the parties." While the decision itself in the report was simply that the Court reversed the judgmen, leaving us in the dark as to which exception it was reversed upon or whether it was upon both, yet we have here the language of Judge Houston, which gives us the reason upon which the Court acted. And it has been my experience and I think of all the members of the Bar of this county that the Court has acted upon that statement of Judge Houston.

So that in this case the Court hold that the record or the Justice must show that there was a hearing of the cause by and before him, and that at that hearing he·heard the proofs and allegations, and upon that rendered judgment on the case.

*The judgment below therefore is reversed.*

*Boyce,* for the plaintiff.

*Cullen,* for the defendant.